Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
Derek C. Reinbold (admitted *pro hac vice*)
*Attorneys for Defendants Huh, Pritzker, and Valani*
KELLOGG HANSEN TODD FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com
dreinbold@kellogghansen.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **Case No. 19-md-02913-WHO** |
| This Document Relates to: | **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN SUPPORT OF NON-MANAGEMENT DIRECTOR DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS AGAINST MATTHEW TORTORICI (SCHLESINGER PLAINTIFF)** |
| *Matthew Tortorici v. JUUL Labs, Inc., et al.*, Case No. 3:20-cv-03847-WHO | Date:       September 24, 2025<br>Time:      2:00 p.m. PST<br>Courtroom:  2<br>Judge:    Hon. William H. Orrick |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on a day and time to be determined by the Court, in Courtroom 2 of this Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, Defendants Hoyoung Huh, Nicholas Pritzker, and Riaz Valani will and hereby do move the Court for an order granting summary judgment and dismissing all live claims against them in the Second Amended Complaint, Case No. 3:20-cv-03847-WHO, ECF No. 31, filed by Matthew Tortorici. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and supporting Declarations, any Reply Memorandum, the pleadings and files in the MDL, and such other matters as may be presented at or before the hearing.

DATED: August 13, 2025

/s/ Michael J. Guzman
Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
Derek C. Reinbold (admitted *pro hac vice*)
*Attorneys for Defendants Huh, Pritzker, and Valani*
KELLOGG HANSEN TODD FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com
dreinbold@kellogghansen.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

STATEMENT OF ISSUES TO BE DECIDED .......................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................ 1

ARGUMENT ............................................................................................................... 2

I.    The Court Should Grant Summary Judgment Because The Non-Management
      Directors Are Not Subject To Personal Jurisdiction In Connecticut ................... 2

      A.    The Relevant Forum For Evaluating Personal Jurisdiction Is Connecticut ............ 3

      B.    Connecticut Cannot Constitutionally Exercise Jurisdiction Over These
            Defendants ........................................................................................................ 3

            1.    The Non-Management Directors took no action in Connecticut ................ 5

            2.    The Non-Management Directors expressly aimed no tortious
                  conduct at Connecticut ..................................................................... 6

            3.    The Non-Management Directors took no action knowing
                  Connecticut would suffer the brunt of harm ................................... 7

II.   In The Alternative, The Court Should Dismiss Tortorici's Strict Liability Claims
      On The Pleadings ............................................................................................... 8

CONCLUSION ...........................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017)....................................... 6

*Axline v. 3M Co.*, 8 F.4th 667 (8th Cir. 2021) ................................................................................. 3

*Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670 (Utah 1985)......................................... 8

*Brimbau v. Ausdale Equip. Rental Corp.*, 440 A.2d 1292 (R.I. 1982) ........................................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................... 3, 5

*Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022 (N.D. Cal. 2007)........................................ 3

*Calder v. Jones*, 465 U.S. 783 (1984) .......................................................................................... 5, 7

*Cisco Sys. Inc v. STMicroelectronics Inc.*,
   2015 WL 5138556 (N.D. Cal. Sept. 1, 2015)............................................................................. 4

*Colorado ex rel. Weiser v. JUUL Labs, Inc.*, 517 P.3d 682 (Colo. 2022) ...................... 1, 2, 5, 6, 7

*Crowe v. Public Bldg. Comm'n of Chicago*, 383 N.E.2d 951 (Ill. 1978) ........................................ 9

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................................................ 4

*Davis v. Metro Prods., Inc.*, 885 F.2d 515 (9th Cir. 1989) .............................................................. 5

*Dos Santos v. Telemundo Commc'ns Grp.*,
   2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) ........................................................................... 4

*Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902 (1st Cir. 1980) ................................................ 5

*Fasolas v. Bobcat of New York, Inc.*, 128 N.E.3d 627 (N.Y. 2019) ................................................ 9

*Greenman v. Yuba Power Prods., Inc.*, 377 P.2d 897 (Cal. 1963) .................................................. 8

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*,
   784 F.2d 1392 (9th Cir. 1986)..................................................................................................... 2

*Hernandezcueva v. E.F. Brady Co., Inc.*,
   196 Cal. Rptr. 3d 594 (Cal. Ct. App. 2015) ................................................................................ 9

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ..................................................................................... 3

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)........................................................... 4

*JUUL Labs, Inc., Mktg. Sales Prac. & Prods. Liab. Litig., In re*,
   2021 WL 3112460 (N.D. Cal. July 22, 2021) .................................................................... 2, 8, 9

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) ............................................................ 2

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ......................................... 5

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136 (9th Cir. 2017) ................................................... 4

*North Carolina ex rel. Stein v. Bowen*,
   2022 WL 15199161 (N.C. Super. Ct. Oct. 27, 2022)........................................................... 2, 5

*North Sails Grp., LLC v. Boards and More GmbH*, 264 A.3d 1 (Conn. 2021) ............................... 3

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)............................................... 5

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015).................................................................... 4

*Pierson v. Sharp Mem'l Hosp.*, 264 Cal. Rptr. 673 (Cal. Ct. App. 1989)........................................ 9

*Porter v. Rosenberg*, 650 So.2d 79 (Fla. Dist. Ct. App. 1995) ................................................ 9

*Rush v. Savchuk*, 444 U.S. 320 (1980) .............................................................................. 5

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .................................... 7

*Sprung v. MTR Ravensburg Inc.*, 788 N.E.2d 620 (N.Y. 2003)............................................... 9

*Volkswagen & Audi Warranty Extension Litig., In re*, 692 F.3d 4 (1st Cir. 2012)............................ 3

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................................................ 5

*Wildseed Mobile LLC v. Google LLC*, 676 F. Supp. 3d 766 (N.D. Cal. 2023)............................... 8

**RULES**

Federal Rule of Civil Procedure 12(c) ............................................................................. 8

**OTHER AUTHORITIES**

Hearing Transcript, *Hawaii v. JUUL Labs, Inc.*, No. 1CCV-20-0000933
   (Haw. Cir. Ct. Apr. 22, 2021)................................................................................... 1

Decision & Order on Motion, *New York v. JUUL Labs, Inc.*, No. 452168/2019
   (N.Y. Sup. Ct. July 14, 2022), NYSCEF Doc. No. 288 ....................................................... 2

Order Granting Motion to Quash, *California v. JUUL Labs, Inc.*,
   No. RG19043543 (Cal. Super. Ct. Oct. 19, 2022) ........................................................... 2

**STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether Defendants Hoyoung Huh, Nicholas Pritzker, and Riaz Valani are entitled to summary judgment because Connecticut cannot constitutionally exercise personal jurisdiction over them.

2.    Whether these three Defendants are entitled to judgment on the pleadings because Connecticut does not recognize strict liability claims against corporate directors.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff Matthew Tortorici has brought a blunderbuss complaint against one former and two current directors of JUUL Labs, Inc. ("JLI")—Hoyoung Huh, Nicholas Pritzker, and Riaz Valani.  But Tortorici, a Connecticut resident, does not even try to explain what suit-related connection to Connecticut these "Non-Management Directors" have.  They do not reside in that state.  They made no JUUL-related trips there.  They directed no alleged wrongdoing there.  And Tortorici does not claim otherwise in his complaint.  Because personal jurisdiction over the Non-Management Directors is lacking, the Court should grant summary judgment in their favor.

Several courts have dismissed attorney general suits for lack of jurisdiction over these same defendants in cases raising similar allegations.  Most state attorneys general declined to sue director defendants in JUUL-related cases.  But of the five attorneys general that named director defendants, all but one have lost motions to dismiss for lack of personal jurisdiction.[1]  In Colorado, for example, the unanimous state Supreme Court held on discretionary review that the state lacked jurisdiction over Pritzker and Valani (Huh was not a defendant).  *Colorado ex rel. Weiser v. JUUL Labs, Inc.*, 517 P.3d 682, 689 (Colo. 2022).  Even though Colorado law imposed only a "light" pleading burden, *id.* at 690, the state could not carry it because it "did not allege sufficient facts to establish that [Pritzker or Valani] were primary participants in wrongful conduct

---

[1] The outlier was Hawaii, where the trial court held in an oral ruling that the state's allegations met a lax notice pleading standard, under which "a complaint should not be dismissed . . . unless it is beyond dispute that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief."  Exhibit A, Hr'g Tr. at 107:23-108:1, *Hawaii v. JUUL Labs, Inc.*, No. 1CCV-20-0000933 (Haw. Cir. Ct. Apr. 22, 2021).  But even on that forgiving standard, the court thought the issue was "close[] to the line."  *Id.* at 107:20.

1  that they purposefully directed at Colorado, or that the injuries alleged in the amended complaint

2  arose out of or related to defendants' Colorado-directed activities," *id.* at 697.  New York similarly

3  failed to make a prima facie showing of jurisdiction.[2]

4       Other attorneys general facing stricter evidentiary standards—like the one here—fared no

5  better.  North Carolina failed to establish personal jurisdiction by a preponderance of the evidence.

6  *North Carolina ex rel. Stein v. Bowen*, 2022 WL 15199161, at *5 (N.C. Super. Ct. Oct. 27, 2022).

7  And California failed to prove jurisdiction over Dr. Huh, even after jurisdictional discovery.[3]  For

8  the reasons below, this Court should follow that persuasive authority.

9       If the Court declines to grant summary judgment, it should grant judgment on the

10  pleadings as to Tortorici's strict liability claims.  The Non-Management Directors could identify

11  no case in Connecticut holding a corporate director strictly liable for a company's alleged failure

12  to warn, defective design, or defective manufacturing.  This Court recognized as much when it

13  dismissed the personal injury bellwether plaintiffs' strict liability claims against the Non-

14  Management Directors.  *See In re JUUL Labs, Inc., Mktg. Sales Prac. & Prods. Liab. Litig.*, 2021

15  WL 3112460, at *6 (N.D. Cal. July 22, 2021).

**ARGUMENT**

16

17  **I.    The Court Should Grant Summary Judgment Because The Non-Management Directors Are Not Subject To Personal Jurisdiction In Connecticut**

18

19       Tortorici cannot establish that the exercise of personal jurisdiction over any Non-

20  Management Director in Connecticut would be constitutional.  As the party asserting jurisdiction,

21  Tortorici "bears the burden of proving by preponderance of the evidence facts which substantiate

22  the exercise of jurisdiction by the district court."  *Haisten v. Grass Valley Med. Reimbursement*

23  *Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.

24  2014) ("When the defendant raises a factual attack, the plaintiff must support . . . jurisdictional

25  allegations with 'competent proof,' under the same evidentiary standard that governs in the

26       [2] Exhibit B, Decision & Order on Motion, *New York v. JUUL Labs, Inc.*, No. 452168/2019 (N.Y. Sup. Ct. July 14, 2022), NYSCEF Doc. No. 288.

27

28       [3] Exhibit C, Order Granting Motion to Quash, *California v. JUUL Labs, Inc.*, No. RG19043543 (Cal. Super. Ct. Oct. 19, 2022).

1   summary judgment context." (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)).  And

2   they must carry that burden for each claim as to each defendant.  *Butler v. Adoption Media, LLC*,

3   486 F. Supp. 2d 1022, 1075-76 (N.D. Cal. 2007) (evaluating personal jurisdiction claim-by-claim

4   and defendant-by-defendant).

5       Tortorici cannot carry this burden.  No Non-Management Director was a primary

6   participant in suit-related tortious conduct in or directed at Connecticut.  Exercising jurisdiction

7   over any Non-Management Director in Connecticut would therefore be unconstitutional.

8       **A.    The Relevant Forum For Evaluating Personal Jurisdiction Is Connecticut**

9       A defendant must have sufficient contacts with the forum state to support the exercise of

10  specific personal jurisdiction.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985).  In

11  MDL cases, "[s]pecial rules apply . . . as to determining the forum state."  *In re Volkswagen &*

12  *Audi Warranty Extension Litig.*, 692 F.3d 4, 17 (1st Cir. 2012).  Typically, the forum state is the

13  one "in which the action was initially filed before being transferred to the MDL court."  *Axline v.*

14  *3M Co.*, 8 F.4th 667, 674 (8th Cir. 2021).  And in direct-filed cases, "the forum remains the state

15  where the action would have been brought" but for an order permitting plaintiff to file directly in

16  the MDL court.  *Id.*; *see id.* ("The direct-filing mechanism in MDL litigation is for 'bureaucratic

17  convenience' and does not render the state of the MDL court the 'forum' in direct-filed actions

18  that would have been brought in another forum but for the direct-filing mechanism.").

19      In this case, Connecticut is the forum state.  When Tortorici directly filed this action in the

20  MDL court, she selected the District of Connecticut as the jurisdiction in which she would have

21  filed "in the absence of direct filing."  Short Form Compl. at 1, ECF No. 1.  And in his Second

22  Amended Complaint, Tortorici alleges that venue would be proper in the District of Connecticut.

23  Second Am. Compl. ¶ 36, ECF No. 31.  So the issue is whether Connecticut can constitutionally

24  exercise personal jurisdiction here.

25      **B.    Connecticut Cannot Constitutionally Exercise Jurisdiction Over These**
        **Defendants**

26

27      Even assuming Tortorici could satisfy Connecticut's long arm statute, "the exercise of

28  personal jurisdiction over the [Non-Management Directors] would violate due process."  *North*

3

1   *Sails Grp., LLC v. Boards and More GmbH*, 264 A.3d 1, 8-9 (Conn. 2021).  The U.S. Constitution

2   requires that a defendant have "minimum contacts" with the relevant forum such that the exercise

3   of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' "

4   *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

5   Constitutionally sufficient minimum contacts exist only "if the defendant has continuous and

6   systematic general business contacts with a forum state (general jurisdiction), or if the defendant

7   has sufficient contacts arising from or related to specific transactions or activities in the forum

8   state (specific jurisdiction)."  *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017)

9   (cleaned up).

10         The Non-Management Directors lack the necessary minimum contacts with Connecticut.

11  *First*, they are not subject to general jurisdiction in Connecticut because their "affiliations" with

12  that state are not "so constant and pervasive as to render [them] essentially at home" there.

13  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (cleaned up).  The Non-Management Directors

14  are not Connecticut domiciliaries.  Exhibit D, Declaration of Hoyoung Huh in Support of Non-

15  Management Director Defendants' Motion for Summary Judgment ("Huh Decl.") ¶ 6; Exhibit E,

16  Declaration of Nicholas Pritzker in Support of Non-Management Director Defendants' Motion for

17  Summary Judgment ("Pritzker Decl.") ¶ 6; Exhibit F, Declaration of Riaz Valani in Support of

18  Non-Management Director Defendants' Motion for Summary Judgment ("Valani Decl.") ¶ 6.

19  They lack any connection that would render them "essentially at home" in Connecticut.

20         *Second*, the Non-Management Directors are not subject to specific jurisdiction in

21  Connecticut.  In tort cases, courts look to whether the defendant "(1) committed an intentional act,

22  which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is

23  suffered and which the defendant knows is likely to be suffered in the forum state."  *Cisco Sys. Inc*

24  *v. STMicroelectronics Inc.*, 2015 WL 5138556, at *3 (N.D. Cal. Sept. 1, 2015) (citing *Picot v.*

25  *Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015)).  The plaintiff must show that the claim "arise[s] out

26  of or result[s] from the defendant's forum-related activities," such that the "plaintiff would not

27  have been injured 'but for' the defendant's conduct directed toward the plaintiff in the forum

28  state."  *Dos Santos v. Telemundo Commc'ns Grp.*, 2012 WL 9503003, at *3 (C.D. Cal. Dec. 19,

                                                    4

2012) (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)).  Plaintiffs

fail at each step:  The Non-Management Directors (1) took no suit-related action (2) expressly

aimed at Connecticut (3) knowing that Connecticut would bear the brunt of any harm.  "[T]he

evidence is one-sided in [Huh's, Pritzker's, and Valani's] favor."  *North Carolina*, 2022 WL

15199161, at *10.

### 1.    The Non-Management Directors took no action in Connecticut

The exercise of jurisdiction over an alleged "out-of-state intentional tortfeasor must be

based on intentional conduct by the defendant that creates the necessary contacts with the forum."

*Walden v. Fiore*, 571 U.S. 277, 286 (2014).  To meet this standard, Plaintiffs must show that each

Non-Management Director was a "primary participant," "guiding spirit," or "central figure" in

alleged corporate wrongdoing directed at Connecticut.  *See, e.g.*, *Calder v. Jones*, 465 U.S. 783,

790 (1984) ("primary participants"); *Colorado*, 517 P.3d at 697 (same); *Davis v. Metro Prods.,

Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989) ("guiding spirit" or "central figure"); *Escude Cruz v.

Ortho Pharm. Corp.*, 619 F.2d 902, 907 (1st Cir. 1980) (same).  It is not enough that *JLI* allegedly

acted in Connecticut—a director's contacts "are not to be judged according to their employer's

activities," *Calder*, 465 U.S. at 790, because "aggregating [defendants'] forum contacts in

determining [personal] jurisdiction" "is plainly unconstitutional," *Rush v. Savchuk*, 444 U.S. 320,

331-32 (1980).  The only contacts that count are those "the 'defendant *himself*' creates with the

forum State."  *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475).

No evidence meets this standard.  Plaintiffs conflate JLI's conduct with individual conduct

when they allege generally that all defendants (1) conducted business in Connecticut and

(2) advertised JUUL products in Connecticut.  Second Am. Compl. ¶¶ 34-35.  The Non-

Management Directors contest these allegations in their attached declarations.  And the Court

"may not assume the truth of allegations in a pleading which are contradicted by affidavit."

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

*First*, the Non-Management Directors were not primary participants in JLI's business,

sales, or other activities in Connecticut.  They deferred to management on how and where to

design, test, manufacture, sell, and label JUUL products.  Huh Decl. ¶¶ 9, 12, 13, 15; Pritzker

5

Decl. ¶¶ 9, 12, 13, 15; Valani Decl. ¶¶ 9, 12, 13, 15.  These were management functions, and no Non-Management Director performed them.  Huh Decl. ¶ 8; Pritzker Decl. ¶ 8; Valani Decl. ¶ 8.

*Second*, the Non-Management Directors were not primary participants in JLI's marketing activities in Connecticut.  Again, they deferred to management and marketing experts on how to market JUUL products.  Huh Decl. ¶ 14; Pritzker Decl. ¶ 14; Valani Decl. ¶ 14.

As in Colorado, the evidence does not establish "that [Pritzker and Valani] were primary participants in wrongful conduct" in the forum state.  *Colorado*, 517 P.3d at 685; *see id.* at 693 ("[T]he State does not allege the requisite intentional action to satisfy the first prong of the effects test.").  This lack of intentional action provides an independent basis to dismiss Plaintiffs' complaint.

### 2.    The Non-Management Directors expressly aimed no tortious conduct at Connecticut

When analyzing whether a defendant's action was "expressly aimed" at the forum, the Court must consider whether Connecticut was "the focal point both of the [tort] and of the harm suffered."  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-71 (9th Cir. 2017).  But Connecticut was not the focal point of any conduct by the Non-Management Directors.

*First*, the Non-Management Directors have no sufficient personal connection to Connecticut.  They do not reside there.  Huh Decl. ¶ 6; Pritzker Decl. ¶ 6; Valani Decl. ¶ 6.

*Second*, the Non-Management Directors have had no personal, suit-related contact with Connecticut.  None conducted business negotiations with a Connecticut business related to the marketing, design, or sale of JUUL products.  Huh Decl. ¶ 7; Pritzker Decl. ¶ 7; Valani Decl. ¶ 7.

*Third*, the Non-Management Directors did not expressly aim any JLI conduct at Connecticut.  Neither they nor the Board approved—or was even asked to approve—any marketing campaign aimed at Connecticut.  Huh Decl. ¶ 14; Pritzker Decl. ¶ 14; Valani Decl. ¶ 14.  Instead, the Board relied on management and marketing experts on how best to market JUUL to adult smokers.  Huh Decl. ¶ 14; Pritzker Decl. ¶ 14; Valani Decl. ¶ 14.

Put together, then, no Non-Management Director has "done any act that would submit [him] to the personal jurisdiction of any court of the State of Connecticut."  Huh Decl. ¶ 16;

1  Pritzker Decl. ¶ 16; Valani Decl. ¶ 16.

2      Lacking any evidence tying the Non-Management Directors to Connecticut, Plaintiffs

3  focus on JLI—specifically, JLI's alleged *national* marketing conduct.  *See*, *e.g.*, Second Am.

4  Compl. ¶ 353 ("ads were also placed in nationally distributed magazines").  Just as Colorado's

5  Attorney General tried to do, Plaintiffs "contend[] only that defendants participated to some extent

6  in JUUL's nationwide efforts to market its product."  *Colorado*, 517 P.3d at 696.  This is not

7  enough.  "Any actions that defendants took in relation to JUUL's nationwide marketing campaign

8  were not 'expressly aimed' at [Connecticut]."  *Id.* at 695.  Nothing in the complaint suggests "that

9  defendants targeted influencers in [Connecticut], prioritized launching JUUL's products in

10  [Connecticut] over other states, or tailored any of its materials to appeal to [Connecticut]

11  consumers."  *Id.*  The Non-Management Directors confirm all of this in their declarations.  Huh

12  Decl. ¶ 14; Pritzker Decl. ¶ 14; Valani Decl. ¶ 14.  The same facts led the unanimous Colorado

13  Supreme Court to hold that the state "did not satisfy the express aiming requirement."  *Colorado*,

14  517 P.3d at 695.

15      **3.    The Non-Management Directors took no action knowing Connecticut would suffer the brunt of harm**

16

17      The Court need not reach the third element of the jurisdictional test.  Courts often

18  concluded that they lack personal jurisdiction based on the first two factors.  *Schwarzenegger v.*

19  *Fred Martin Motor Co.*, 374 F.3d 797, 807 n.1 (9th Cir. 2004) (en banc) (noting "[b]ecause

20  Schwarzenegger has failed to sustain his burden with respect to the second part of the *Calder*

21  effects test, we need not, and do not, reach the third part of the test"); *see also Colorado*, 517 P.3d

22  at 695 (taking this approach).  Plaintiffs' failure on the first two elements is all the Court needs to

23  grant summary judgment.

24      Even so, Plaintiffs cannot carry their burden on the third element.  There is no evidence

25  that the Non-Management Directors knew that the brunt of any injury resulting from JLI's alleged

26  conduct would be felt in Connecticut.  Each Non-Management Director disclaims such knowledge

27  in his declaration.  Huh Decl. ¶ 17; Pritzker Decl. ¶ 17; Valani Decl. ¶ 17.  This too defeats

28  Plaintiffs' jurisdictional showing.

## II. In The Alternative, The Court Should Dismiss Tortorici's Strict Liability Claims On The Pleadings[4]

If the Court does not grant summary judgment to the Non-Management Directors, it should grant them judgment on the pleadings as to Tortorici's strict liability claims, Counts I-III. "Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when, accepting all material allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Wildseed Mobile LLC v. Google LLC*, 676 F. Supp. 3d 766, 772 (N.D. Cal. 2023). For the same reasons that this Court dismissed the personal injury bellwether plaintiffs' strict liability claims against the Non-Management Directors, the Court should grant judgment on the pleadings here. *In re JUUL Labs*, 2021 WL 3112460, at *6 ("The [Non-Management Directors] argue that corporate directors cannot, as a matter of law, be subject to these strict liability claims. I agree . . . .").

Tortorici asserts strict products liability claims on the theory that JUUL products were defectively designed and manufactured and that he was not warned of their risks. These claims all fail against the Non-Management Directors because corporate directors are not, as a matter of law, liable under any strict liability theory—whether at common law or by statute. Connecticut recognizes no strict liability claim against a member of a company's Board—and the Non-Management Directors could identify no case to the contrary.

Strict products liability arose as a claim against manufacturers—and *only* manufacturers. *See Greenman v. Yuba Power Prods., Inc.*, 377 P.2d 897, 900 (Cal. 1963) ("[A] manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being."). The "doctrine was premised on the proposition that the cost of injuries caused by defective products . . . should be considered a cost of doing business to be borne by *manufacturers*." *Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 673 (Utah 1985) (emphasis added). As courts have explained, this limitation is based on the rationale that "the manufacturer is in a superior position

---

[4] The Non-Management Directors join, and incorporate by reference, the arguments for judgment on the pleadings raised by JLI.

1    to know when its product is suitably designed and safely made for its intended purpose." *Fasolas*

2    *v. Bobcat of New York, Inc.*, 128 N.E.3d 627, 632 (N.Y. 2019).  "[T]he manufacturer alone has the

3    practical opportunity, as well as considerable incentive, to turn out useful, attractive, but safe

4    products." *Sprung v. MTR Ravensburg Inc.*, 788 N.E.2d 620, 622 (N.Y. 2003) (cleaned up).

5            Some states have expanded strict liability to reach sellers and others (like wholesalers) who

6    are "responsible for placing products in the stream of commerce." *Hernandezcueva v. E.F. Brady*

7    *Co., Inc.*, 196 Cal. Rptr. 3d 594, 601 (Cal. Ct. App. 2015) (quoting *Pierson v. Sharp Mem'l Hosp.*,

8    264 Cal. Rptr. 673, 675 (Cal. Ct. App. 1989)); *see Crowe v. Public Bldg. Comm'n of Chicago*, 383

9    N.E.2d 951, 952 (Ill. 1978) (discussing that imposition of "strict liability upon sellers (wholesalers

10    and retailers), as well as upon manufacturers" arises from their "integral role in the overall

11    producing and marketing" of a defective product).  But the Non-Management Directors know of

12    no state, certainly not Connecticut, that has expanded strict liability from its original application

13    (to manufacturers alone) beyond the distribution chain to reach the members of a manufacturing

14    company's board of directors.  This Court therefore rejected the personal injury bellwether

15    plaintiffs' attempt to expand the reach of strict liability in this fashion, including in Connecticut.

16    *In re JUUL Labs*, 2021 WL 3112460, at *6 ("Plaintiffs cite no case that has extended strict

17    product liability claims in any of the relevant jurisdictions to similarly situated corporate

18    directors."); *see also*, *e.g.*, *Brimbau v. Ausdale Equip. Rental Corp.*, 440 A.2d 1292, 1298 (R.I.

19    1982) (corporate directors do not "continually introduce potentially dangerous instrumentalities

20    into the stream of commerce" nor are they in a position to "insure against, prevent, and spread the

21    costs of product-related injuries"); *Porter v. Rosenberg*, 650 So.2d 79, 81 (Fla. Dist. Ct. App.

22    1995) (corporate directors are not "an integral part of the overall producing and marketing

23    enterprise that should bear the cost of injuries resulting from defective products").  Extending

24    strict liability to corporate directors on a company's board would eviscerate these carefully crafted

25    state-law limitations.

26                                      **CONCLUSION**

27            For all these reasons, the Court should grant summary judgment to the Non-Management

28    Directors or, in the alternative, grant the judgment on the pleadings as to Tortorici's strict liability

9

1  claims.

2

3  DATED:  August 13, 2025                 Respectfully Submitted,

4                                     By:    /s/ Michael J. Guzman

5                                            Mark C. Hansen (admitted *pro hac vice*)
                                             Michael J. Guzman (admitted *pro hac vice*)
6                                            David L. Schwarz (CA Bar No. 206257)
                                             Derek C. Reinbold (admitted *pro hac vice*)
7                                            *Attorneys for Defendants Huh, Pritzker,*
                                             *and Valani*
8                                            KELLOGG HANSEN TODD FIGEL &
9                                               FREDERICK, P.L.L.C.
                                             1615 M Street, N.W., Suite 400
10                                           Washington, D.C. 20036
                                             TEL: (202) 326-7900
11                                           mhansen@kellogghansen.com
                                             mguzman@kellogghansen.com
12                                           dschwarz@kellogghansen.com
                                             dreinbold@kellogghansen.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28